UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUCAS RICE,

                    Plaintiff,

                                                    Case No. 26-cv-0080-bhl

        v.

ATTAIN INC.,

                    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Lucas Rice, who is legally blind, alleges that Defendant Attain Inc. violated his rights under Title III of the Americans with Disabilities Act (ADA) by failing to maintain a website that is accessible to legally blind users. (ECF No. 1.) Rice seeks a declaration that Attain violated Title III, a permanent injunction compelling Attain to bring its website into compliance with the ADA, and the opportunity to recover his costs and attorneys' fees. (*Id.* at 19–20.) Attain accepted service on February 2, 2026, but has never answered or otherwise appeared in the case. (*See* ECF No. 4.) On March 9, 2026, Rice requested the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 5.) The Clerk entered default the following day, and Rice then filed a motion for default judgment under Rule 55(b)(2). (ECF No. 7.) Because the defaulted facts establish Attain's violation of the ADA, the Court will grant Rice's motion for default judgment but will order only part of the relief he requests. Rice is entitled to an injunction compelling Attain to comply with the ADA, but his requests for additional relief are inappropriate. The Court will limit its judgment to an injunction compelling Attain to comply with the ADA within 180 days.

**FACTUAL BACKGROUND**[1]

Rice is a legally blind resident of Milwaukee County in Wisconsin. (ECF No. 1 ¶¶2, 18–19.) He uses a screen-reading software program, which vocalizes visual information, to navigate the internet. (*Id.* ¶¶19, 23.) For the software to function, the website must be capable of being rendered into text. (*Id.* ¶24.) Attain is a California company that operates a public website, katinusa.com, to provide consumers with access to various goods, such as hats, swim trunks, shirts, and small accessories. (*Id.* ¶¶4, 20–21.) Rice attempted to purchase a hat from Attain's website but was unable to do so because the site is incompatible with his accessibility tools. (*Id.* ¶¶35, 40.)

**LEGAL STANDARD**

"A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Id.* (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)).

**ANALYSIS**

"Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013) (citing 42 U.S.C. §§12181–89). Rice alleges that Attain violated Title III by failing to develop and maintain its website to be accessible to legally blind individuals like himself. He seeks declaratory and injunctive relief, as well as the opportunity to recoup costs and attorneys' fees. Attain has not responded to the complaint and is therefore in default. When a party is in default, the Court accepts the well-pleaded factual allegations in the complaint as true. *Wehrs*, 688 F.3d at 892. Before the Court can enter a default judgment against Attain, however, it must examine whether the factual allegations in the complaint establish Attain's liability on the legal claims contained in the complaint. *See* 10A Fed. Prac. & Proc. Civ. §2688.1 (4th ed.); *see also GS Holistic, LLC v. S&S 2021 LLC*, Case No. 23-CV-697-JPS, 2023 WL 8238980, at *3 (E.D. Wis. Nov. 28, 2023).

---

[1] These facts are derived from Rice's complaint, (ECF No. 1), which the Court deems admitted due to Attain's default, Fed. R. Civ. P. 8(b)(6); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) ("When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages.").

Rice asserts a claim under Title III of the ADA, which prohibits discrimination on the basis of disability in places of public accommodation. *See* 42 U.S.C. §12182(a); *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 609 (7th Cir. 2020). To prevail on a Title III claim, Rice must establish that (1) he is disabled under the ADA; (2) Attain owns, leases, or operates a place of public accommodation; and (3) Attain discriminated against him on the basis of his disability. *See McCabe v. Tire Web LLC*, No. 23-cv-459-pp, 2024 WL 4144200, at *4 (E.D. Wis. Sep. 11, 2024) (citing *Mohammed v. DuPage Legal Assistance Found.*, 781 F. App'x 551, 552 (7th Cir. 2019)).

Rice alleges that he is legally blind. (ECF No. 1 ¶19.) This qualifies as a disability under the ADA. *See Tire Web*, 2024 WL 4144200, at *5; *see also McCabe v. Heid Music*, No. 23-CV-1215-JPS, 2024 WL 1174352, at *3 (E.D. Wis. Mar. 19, 2024) (citing *Colon v. HY Supplies, Inc.*, No. 22 CV 5915, 2023 WL 7666740, at *14 (N.D. Ill. Nov. 15, 2023)). Rice further alleges that Attain owns, operates, and controls a public retail website, through which it sells goods and services. (ECF No. 1 ¶¶20–21.) The Seventh Circuit has confirmed that "a place of public accommodation" includes websites offering goods or services for sale. *Morgan v. Joint Admin. Bd.*, 268 F.3d 456, 459 (7th Cir. 2001); *see also* 42 U.S.C. §12181(7)(E) (including "sales . . . establishment" as a place of public accommodation under the ADA). Rice also alleges that he attempted to purchase a hat from Attain's website but was unable to independently complete his purchase because the website was incompatible with the accessibility tools he utilizes to navigate the internet. (ECF No. 1 ¶40.) Taking his allegations as true, Rice has established that Attain discriminated against him on the basis of his disability by failing to make its website accessible to him. *See* 42 U.S.C. §12182(b)(2)(A)(ii)–(iii); *see also Tire Web*, 2024 WL 4144200, at *6; *Heid Music*, 2024 WL 1174352, at *4–5. Accordingly, Rice's factual allegations, on which Attain has defaulted, establish its liability under Title III.

For a remedy, Rice asks that the Court: (1) enter an injunction directing Attain to take specific steps to come into compliance with the ADA; (2) declare that Attain's website violates Title III of the ADA; (3) "reserve jurisdiction" to determine reasonable attorneys' fees and costs; and (4) "find no damages inquest is necessary" because he seeks only injunctive relief. (ECF No. 7 at 7–8.) The Court will grant only a portion of Rice's requested relief.

To merit injunctive relief, Rice must show four things: (1) he has suffered an irreparable injury; (2) traditional remedies at law are inadequate to compensate for his injury; (3) the balance

of hardships between him and Attain tips in his favor; and (4) the public interest would not be disserved by a permanent injunction. *See LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 944 (7th Cir. 2019) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Rice has suffered an irreparable injury because Attain's website is inaccessible to his. *See Tire Web*, 2024 WL 4144200, at *6. He has no other remedy at law because monetary damages are not available under Title III. *Id.* (citing *Scherr*, 703 F.3d at 1075). The balance of hardships weighs in Rice's favor because, absent injunctive relief, he will be denied equal access to Attain's products and services, while Attain will only be required to expend some costs to bring its website into compliance with federal law. *See id.* at *7 (citing *Heid Music*, 2024 WL 1174352, at *7). And the public interest will be served by an injunction because the public has a strong interest in eliminating discrimination against individuals with disabilities. *Id.* (citing *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001)). Accordingly, the Court agrees that Rice is entitled to injunctive relief. The Court is required to "tailor injunctive relief to the scope of the violation found." *e360 Insight.*, 500 F.3d at 604–05 (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d 807, 817 (7th Cir. 2005), *rev'd on other grounds*, 547 U.S. 9 (2006)). The facts alleged in Rice's complaint demonstrate that Attain has violated Title III of the ADA, and the Court will therefore enter an injunction requiring Attain to bring its website into compliance with the ADA. If Attain fails to comply with the injunction within 180 days, Rice may bring suit to enforce it. *See Tire Web*, 2024 WL 4144200, at *7 (citing *Wright v. Thread Experiment, LLC*, No. 19-cv-1423-SEB-TAB, 2021 WL 243604, at *5 n.4 (S.D. Ind. Jan. 22, 2021)).

Rice's remaining requests for relief will be denied. He asks the Court to declare that Attain's "website violates Title III of the ADA." (ECF No. 7 at 7.) Rice's briefing does not explain why he is entitled to declaratory relief, and this Court has concluded that declaratory relief is improper where, as here, the plaintiff seeks a declaration establishing past discrimination. *See McCabe v. Markwins Beauty Products Inc.*, No. 24-cv-1004-bhl, 2025 WL 1555372, at *3 (E.D. Wis. June 2, 2025) (collecting cases). Rice next requests that the Court "[r]eserve jurisdiction to determine" his attorneys' fees and costs. (ECF No. 7 at 8.) But Federal Rule of Civil Procedure 54(d) governs how to move for attorneys' fees and costs, and Rice is free to utilize it as he sees fit. Last, Rice's request concerning damages is unnecessary. As already explained, monetary damages are not available to private plaintiffs under Title III of the ADA, *see Heid Music*, 2024 WL

1174352, at *5 (collecting cases), and Rice acknowledges this, (ECF No. 7 ¶15). Accordingly, the Court will deny Rice's remaining requests for relief.

**CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff Lucas Rice's Motion for Default Judgment, ECF No. 7, is **GRANTED**. His requested relief is **GRANTED in part** and **DENIED in part**. The Court will issue a permanent injunction ordering Attain to bring its website into compliance with the ADA by separate order in compliance with *MillerCoors LLC v. Anheuser-Bush Cos.*, 940 F.3d 922 (7th Cir. 2019) and Federal Rule of Civil Procedure 65(d). All other requested relief is **DENIED**. The Clerk is directed to enter judgment in favor of Rice.

Dated at Milwaukee, Wisconsin on July 17, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge